# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12-4041-01/04-CR-C-BP |
| | ) | |
| OLEKSANDR NIKOLAYEVICH DRUZENKO, | ) | |
| PATRICIA ANNE EWALT, | ) | |
| DARYA CHERNOVA, | ) | |
| JAMES DOUGLAS BARDING, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13-4026-01/02-CR-C-BP |
| | ) | |
| DARYA CHERNOVA, | ) | |
| JAMES DOUGLAS BARDING, | ) | |
| | ) | |
| Defendants. | ) | |

## **AMENDED ORDER**

On August 20, 2013, the Government filed motions to consolidate for trial United States v. Druzenko, No. 12-4041 (W.D. Mo. filed June 5, 2012) (the "First Indictment"), and United States v. Chernova, No. 13-4026 (W.D. Mo. filed May 22, 2013) (the "Second Indictment"). Defendants Druzenko and Chernova have filed suggestions in opposition, and the Government has filed reply suggestions in support of consolidation.[1]

Under Rule 13 of the Federal Rules of Criminal Procedure, the court is authorized to join two indictments. Specifically, Rule 13 states that "[t]he court may order separate cases be tried together as though brought in a single indictment or information if all offenses and all defendants

---

[1] This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and W.D. Mo. R. 22.

could have been joined in a single indictment…." The plain meaning of this language is that the standard for consolidation is whether the two cases could have been properly joined in a single indictment under Rule 8 of the Federal Rules of Criminal Procedure.

Rule 8(a) provides the standard for joinder of offenses, and states that "[t]he indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged … are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Rule 8(b) provides the standard for joinder of defendants, and states that "[t]wo or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." See also United States v. Davis, 534 F.3d 903, 916 (8th Cir. 2008). "Generally, the 'same series of acts or transactions' means acts or transactions that are pursuant to a common plan or a common scheme." United States v. Wadena, 152 F.3d 831, 848 (8th Cir. 1998). The Eighth Circuit has held that the provisions of Rule 8(b) are to be construed liberally in favor of joinder, see United States v. Chard, 115 F.3d 631, 634 (8th Cir. 1997), and "rarely, if ever will it be improper for co-conspirators to be tried together." United States v. Patterson, 140 F.3d 767, 774 (8th Cir. 1998). The trial court is permitted to exercise discretion in determining whether trial consolidation is appropriate.

Here, the allegations against Chernova and Barding as listed in the Second Indictment are of the same or similar nature as the charges made against Chernova, Druzenko, Ewalt, and Barding in the First Indictment. The charges against Chernova and Barding in both indictments are based on their alleged involvement in marriage fraud, and therefore, are the same or similar in character in both indictments. Moreover, as set forth below, their actions in both indictments are part of a common plan or scheme of marriage fraud, involving them, as well as Druzenko and Ewalt. The charges against Chernova and Barding in both indictments can be properly joined under Rule 8(a).

As for whether Rule 8(b) allows joinder of the defendants in the two indictments/cases, this Court finds the evidence supports that joinder of the defendants would be allowed. The indictments plainly reference the same type and series of acts and transactions and corresponding law violations being committed by the defendants in each indictment/case. See United States v.

2

Cannington, 729 F.2d 702, 710 (11th Cir. 1984) (in determining joinder of defendants, the trial court must accept the factual allegations of the indictment as true).  The substantive counts of marriage fraud and making various false statements, as alleged in both indictments, are interrelated and in furtherance of a conspiracy to commit marriage fraud.  The facts alleged in support of these counts, as set forth in the indictments themselves and in extensive detail within the Government's motion to consolidate and reply suggestions in support, clearly show overt actions by defendants in furtherance of the common scheme of marriage fraud in order to evade the provisions of the immigration laws of the United States.  Defendants in both indictments are alleged to have taken actions in order to keep two Ukraine citizens, Chernova and Druzenko, in the United States after their student visas expired.  Generally, the facts show that Barding and Chernova are alleged to have arranged for Chernova to marry United States citizen T.D. in order for Chernova to remain in the United States as a permanent resident.  Similarly, Barding and Chernova are alleged to have also been involved in a scheme to find a United States citizen for Druzenko to marry and/or to arrange for Druzenko to marry United States citizen Ewalt in order for Druzenko to remain in the United States as a permanent resident.  Chernova is alleged to be Barding's girlfriend, and Druzenko and Ewalt are friends of Barding and Chernova.  There are many further details of the inter-connective actions and lives of Barding, Chernova, Druzenko and Ewalt set forth in the filings of the Government in support of joining the two indictments/cases.  Those facts have been considered by the Court and the Court finds those facts support the motion of the Government.  The facts support that all defendants in each indictment were part of the common scheme of marriage fraud, and therefore, could have been indicted together under Rule 8(b).

The fact that each defendant is not charged in each count is not determinative of whether two indictments/cases can be joined; Rule 8(b) does not require defendants be charged in each count in order to be joined.  The Eighth Circuit has specifically stated "[a] single conspiracy may exist even if the participants and their activities change over time, and even if many participants are unaware of, or uninvolved in, some of the transactions." United States v. Roach, 164 F.3d 403, 412 (8th Cir. 1998). See also United States v. Richard, 179 F. App'x 976, 980 (8th Cir. 2006) (citing United States v. Adams, 401 F.3d 886, 898 (8th Cir. 2005) (a single overall conspiracy can be made up of a number of separate transactions and a number of groups

involved in separate crimes or acts)).  Moreover, Eighth Circuit Model Criminal Jury Instruction § 5.06(d) states that a defendant is not required to commit any act or know of the commission of any act in furtherance of the conspiracy; the defendant is responsible and bound by the virtue of his/her agreement to be a part of the conspiracy.  Proof of an explicit formal agreement is not required to prove the existence of a conspiracy; instead, tacit understanding is sufficient.  A defendant can be convicted for playing even a minor role in a conspiracy.  United States v. Mann, 701 F.3d 274, 296 (8th Cir. 2012).  Thus here, despite each defendant not being charged in each count, the allegations supporting the indictments still support that they could have been originally charged together in the same indictment as provided under Rule 8.

As for defendants' argument against consolidation based on risk of prejudice to their rights, the Court finds no evidence to support this argument.  The facts of this case do not support the argument that a joint trial would compromise any specific trial right of any one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.  See Zafiro v. United States, 506 U.S. 534, 539 (1993) (discussing how risk of prejudice is determined).  Limiting instructions or other court measures will adequately protect each defendant at trial.  Id.  See also Davis, 534 F.3d at 917 (generally the risk that a joint trial will prejudice one or more defendants is best cured by careful and thorough jury instructions).  The Court believes the separate charges against the defendants in these indictments/cases are distinguishable by a jury even when presented together.  The evidence does not support that the defendants' defenses are irreconcilable or that the jury will be unable to compartmentalize the evidence as it relates to the separate defendants.  See Davis 534 F.3d at 916-17.  Defendants' argument that some evidence admissible against one of the defendants would be damaging to both defendants is not sufficient to require separate trials.  Id. at 917.

Moreover, it is well settled that defendants are not entitled to separate trials merely because they may have a better chance of acquittal in separate trials.  Zafiro, 506 U.S. at 539.  See also Davis, 534 F.3d at 916 (merely showing defendant would have better chance for acquittal does not support real prejudice).  Rule 8(b) is designed to promote economy and efficiency and to avoid a multiplicity of trials, so long as these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial.  Zafiro, 506 U.S. at 540.  Here, the proffered evidence fails to demonstrate that consolidation will pose a risk of substantial

4

prejudice to defendants. Moreover, efficacy and economy are advanced by the joining of these two indictments/cases for trial. The evidence, including witnesses, as set forth in the filings, indicates that much the same evidence will be presented in each case, and each case generally relates to the same objects. Joining of these indictments/consolidation of these cases will allow a presentation to a jury that will appropriately provide a single overall story, and will give the jury the best perspective on all the evidence, and therefore, increase the likelihood of a correct outcome. See United States v. Flores, 326 F.3d 1030, 1039 (8th Cir. 2004). See also Zafiro, 506 U.S. at 537 (joint trials promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts).

Based on the foregoing, the Court concludes that the two indictments set forth in Cases No. 12-4041 and case 13-4026 meet the requirements of Rules 8 and 13, and therefore, can be joined and consolidated for trial.

IT IS, THEREFORE, ORDERED that the charges and defendants in the first and second indictments, as set forth in United States v. Druzenko, No. 12-4041 (W.D. Mo. filed June 5, 2012), and United States v. Chernova, No. 13-4026 (W.D. Mo. filed May 22, 2013), are joined and consolidated for trial, pursuant to Rules 8 and 13 of the Federal Rules of Criminal Procedure.[2] [53] [13] It is further

ORDERED that this order amends this court's order of October 18, 2013. [64] [24]

Dated this 23rd day of October, 2013, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge

---

[2] Because these cases are now consolidated, all future filings must be filed in both cases using both case numbers 12-4041 and 13-4026, as set forth in the style of this case. Failure to make an ECF filing in both cases may compromise the record for purposes of appeal.